IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ATLANTIC CASUALTY                                                                                  PLAINTIFF
INSURANCE COMPANY

v.                                          Civil No. 1:16-cv-01002

CM SELLERS, LLC et al.                                                                             DEFENDANTS

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

On February 9, 2016, Defendants CM Sellers, LLC ("CM Sellers"), Kyler Johnson ("Johnson"), and Potlatch Corporation ("Potlatch") (collectively "Defendants") filed a Motion to Dismiss Complaint for Declaratory Judgment, which is currently pending before the Court. ECF No. 8. Plaintiff Atlantic Casualty Insurance Company ("Atlantic") responded to this Motion on February 23, 2016. ECF No. 13.

The Court held a hearing to address this Motion on March 30, 2016. *See* ECF No. 16. After considering the briefing of the Parties and the arguments of counsel at the hearing, the Court recommends this Motion (ECF No. 8) be **DENIED** for the reasons outlined below.

**1.     Background**

There are two lawsuits involved in this case. The first lawsuit is the current lawsuit filed by Atlantic against CM Sellers, Johnson, and Potlatch. On January 13, 2016, Atlantic filed this action against CM Sellers, Johnson, and Potlatch. ECF No. 1. In the Complaint, Atlantic seeks a declaration regarding an insurance policy it issued to CM Sellers. *Id.* ¶ 8. Specifically, Atlantic claims it issued CM Sellers a "Commercial General Liability" insurance policy that was effective from February 18, 2014 to February 18, 2015. *Id.* Atlantic seeks a declaration that it owes no

obligation to CM Sellers under that insurance contract to defend or provide coverage as to the second or underlying lawsuit. *Id.*

The second lawsuit or the underlying lawsuit was filed by Johnson against CM Sellers and Potlach. By way of background, Johnson alleges his employer was contacted by CM Sellers to provide labor for Potlach. *See* ECF No. 1-2. On September 21, 2014, at the time Atlantic was providing insurance coverage to CM Sellers, Johnson claims he was injured while working for Potlach. *Id.* Specifically, he claims he fell 26 feet through the roof and onto the concrete below. *Id.* As a result of this injury, Johnson sued CM Sellers and Potlach for personal injury. *Id.* This lawsuit was filed on August 28, 2015 and is currently ongoing. *Id.*

After the underlying lawsuit was filed, Atlantic then filed the current lawsuit on January 13, 2016, seeking a declaration that it has no obligation to provide coverage or defend CM Sellers in the underlying lawsuit. ECF No. 1. In support of its claim that it owes no coverage under this insurance contract, Atlantic references three policy provisions: (1) Exclusion of Injury; (2) Classification Limitation; and (3) "Workers' Compensation exclusion set." *Id.* ¶¶ 27-29.

Thereafter, on February 9, 2016, Johnson, CM Sellers, and Potlatch filed the current Motion to Dismiss. ECF No. 8. With this Motion, Defendants claim this Court is without subject matter jurisdiction to consider this case, and this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id.* Specifically, Defendants claim the primary issue in this case is whether Johnson was CM Sellers's employee at the time of the accident, and the Arkansas Workers' Compensation Commission has exclusive jurisdiction over such a determination. *Id.* Thus Defendants argue, the current case brought by Atlantic must be dismissed. *Id.*

On February 23, 2016, Atlantic responded to this Motion. ECF No. 13. In its response, Atlantic claims the issues raised in this case are not within the exclusive jurisdiction of the Workers' Compensation Commission. *Id.* Thus, because the Court otherwise has subject matter jurisdiction over there is case, there is no basis for dismissal. *Id.* The Court will now address this Motion.

**2.      Applicable Law**

The sole issue raised in this Motion is whether the Court has subject matter jurisdiction over this case. To determine whether a federal court has subject matter jurisdiction over a case, the federal court may look "to matters outside the pleadings." *Osborn v. United States,* 918 F.2d 724, 728 n.4  (8th Cir. 1998) (recognizing "[t]he district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)"). Indeed, because "its very power to hear the case" is at issue, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730. Further, "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

Where a federal district court has no subject matter jurisdiction over a case, the case must be dismissed. *See* FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). *See also Biscanin v. Merrill Lynch & Co.,* 407 F.3d 905, 907 (8th Cir. 2005) ("[i]f the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate"). Generally, where a federal court has no subject matter jurisdiction, the dismissal must be without prejudice. FED. R. CIV. P. 41(b).

**3.     Discussion**

Defendants claim the Court does not have subject matter jurisdiction over Atlantic's case. The Court has reviewed the briefing of the Parties and the arguments made by the Parties. After reviewing those arguments and the relevant law, the Court finds the Workers' Compensation Commission does not have exclusive jurisdiction over this case, and there is a basis for subject matter jurisdiction.  Thus, this case should not be dismissed.

Notably, this conclusion is based upon the following two findings: (1) the relevant insurance provisions are not limited to a determination of Johnson's employment status; and (2) even assuming the Workers' Compensation Commission could decide these issues, the Workers' Compensation Commission still does not have exclusive jurisdiction over this matter.

**A.     Relevant Insurance Provisions**

Defendants claim this case should be dismissed because the issues in dispute in this case *all* relate to Johnson's employment status at the time he was injured.  ECF No. 8 at 1-2. Specifically, Defendants claim the "underlying proposition" in Atlantic's case is whether "CM Sellers, LLC was the 'statutory' or 'special' employer of Kyler Johnson at the time he was injured." *Id.*  As such, Defendants claim this issue *must* be decided exclusively by the Workers' Compensation Commission.  *Id.*

Upon review, however, the relevant insurance provisions in dispute do not require a determination of whether Johnson was an employee at the time of his injury.  Indeed, as noted above, Atlantic has provided three insurance provisions relevant in this case: (1) Exclusion of Injury; (2) Classification Limitation; and (3) "Workers' Compensation exclusion set."  ECF No.

1 ¶¶ 27-29. None of these provisions require a determination of Johnson's employment status. The Court will address each of the provisions.

First, the "exclusion of injury" provision excludes *both* "employees" *and* "contractors" for bodily injury: EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS. *See* ECF No. 1-1. Thus, as Defendants correctly note, the issue of Johnson's employment status (which is an issue to be determined by the Workers' Compensation Commission) is irrelevant because even if he were found to be a contractor, coverage would still be denied under this provision.

Second, the "Classification Limitation" is not limited to a determination of an employment relationship. It provides as follows:

> CLASSIFICATION LIMITATION (Endorsement AGL-015 10/10)
>
> This insurance does not apply to and no duty to defend is provided for "bodily injury," "property damage," "personal and advertising injury" or medical payments unless the insured can demonstrate the "bodily injury," "property damage," and "personal and advertising injury" or medical payments arise out of the classification(s) shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements. *See* Ex. A.

Such "classification(s)" also do not require a determination of employment status. Thus, because the issue of Johnson's employment status has no bearing upon this provision, the Court finds a determination by the Workers' Compensation Commission as to Johnson's employment status would not be beneficial and certainly would not be controlling in this case.

Third, the "Workers' Compensation" exclusion also does not require a determination of Johnson's employment status. Thus, this Court's jurisdiction is not *contingent* upon any determination by the Workers' Compensation Commission. Indeed, this provision merely provides that Atlantic does not cover any obligation CM Sellers may have "under a workers' compensation, disability benefits, or unemployment compensation law or any similar law."

Thus, based upon these policy provisions, the Court finds any determination by the Workers' Compensation Commission as to Johnson's employment status would have very little bearing in this action. Indeed, the Court cannot even find such a determination would be helpful such that this case should be stayed until the Workers' Compensation Commission could make a decision as to Johnson's employment status.[1]

### B.     Not Exclusive Jurisdiction

Even assuming some of the issues in this case could be decided by the Workers' Compensation Commission, the Workers' Compensation Commission still does not have *exclusive* jurisdiction over this case. Notably, Defendants also claim this lawsuit should be dismissed because the Workers' Compensation Commission in Arkansas has exclusive jurisdiction over this case. ECF No. 9 at 1-2. In support of this claim, Defendants cite to a case from the Supreme Court of Arkansas. *See Entergy Ark., Inc. et al. v. Pope County Circuit Court,* 2014 Ark. 506, 452 S.W. 3d 81 (2014).

In *Entergy,* however, the Supreme Court of Arkansas found that "the question of whether an employer-employee relationship exists *between the parties* is a factual issue solely within the jurisdiction of the [Workers' Compensation] Commission." 452 S.W. 3d at 85 (emphasis added). In this case, the issue is not whether there was an employer-employee relationship

---

[1] Notably, it does not appear any such action has even been initiated or is ongoing with the Workers' Compensation Commission. All Parties have indicated no action has been taken by the Workers' Compensation Commission, and it appears no action will be taken. As noted by Atlantic, Johnson has been paid workers' compensation benefits. Thus, it appears entirely unnecessary to recommend this case be dismissed without prejudice or stayed until such as time as the Workers' Compensation Commission can issue an opinion. Significantly, this case does differ from *United Fire & Casualty Company v. Evers & Whatley Electric, Inc. et al.,* 1:07-cv-01009 (W.D. Ark. May 1, 2008), wherein the Honorable Jimm Larry Hendren stayed a federal district court case in order to allow the Workers' Compensation Commission to reach a decision. Judge Hendren stayed this case, however, partly because the Workers' Compensation case was *ongoing.* In the present action, there is no such case ongoing. Finally, even if the Court dismissed this case, it does not appear Atlantic would have standing to bring such an action to determine coverage, and none of the Parties provided any authority demonstrating Atlantic could file such a claim.

between the Parties. Indeed, there is no claim Atlantic was the employer of any of the Defendants. Instead, the issue is whether there was employer-employee relationship between two of the Defendants (Johnson and CM Sellers). Thus, while any determination by the Workers' Compensation Commission is "instructive," it is not controlling. *See, e.g., United Fire & Casualty Co. v. Evers & Whatley Elec., Inc. et al.,* 1:07-cv-01009, at *15 (W.D. Ark. May 1, 2008) (recognizing workers' compensation law is not controlling on the issue of insurance coverage).

**4.     Conclusion**

Based upon the foregoing, the Court finds Defendants' Motion to Dismiss (ECF No. 8) should be **DENIED**, and the Court recommends Atlantic's case not be dismissed.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 5th day of April 2016.**

　　　　　　　　　　　　　　　　　　　　　　　/s/   Barry A. Bryant
　　　　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE